DONELL L. PRINCE
P.O. Box 1024
Hackensack, New Jersey 07602-1024
(862) 290-4537 & (201) 759-7284
Pro Se Defendant

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2022 FEB -3  A  12

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY-NEWARK

Plaintiff

Priscilla Pajela                    FILE NO.

vs.                                 (Previously pending in the
                                     Superior Court N.J., Law
                                     Division, Bergen County
                                     BER-L-000025-22)

Defendant (s)

Donell L. Prince                    NOTICE OF REMOVAL TO FEDERAL
                                     COURT PURSUANT TO 28 U.S.C.
                                     § 1441 & § 1446 & § 1331

To: CHIEF JUDGE AND JUDGES OF THE
    UNITED STATES DISTRICT COURT FOR
    DISTRICT OF NEW JERSEY-NEWARK
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street - P.O. Box 419
Newark, New Jersey 07101-0419

ON NOTICE TO:

    Clerk of the Court, Law Division
    Superior Court of N.J. Bergen County
    10 Main Street
    Hackensack, New Jersey 07601

    Victoria M. Brown, LLC
    342 Grand Avenue
    Englewood, New Jersey 07631
    (attorney for plaintiff)
        Priscilla Pajela

    PLEASE TAKE NOTICE that Defendant Donell Prince, hereby

give notice of the removal of the above-captioned action from

the Superior Court of New Jersey, Law Division,

Bergen County, to the United States District Court for the

District of New Jersey-Newark, pursuant to 28 U.S.C. §1441 and

§1446, and in accordance with 28 U.S.C. §1331.

PLEASE TAKE FURTHER NOTICE that pro se defendant shall

rely upon his Certification in support of my Motion for Removal

of this civil action from state court to federal district court

CERTIFICATION OF FILING AND SERVICE

Pro Se Plaintiff certifies that copies this Motion was
filed with the court's clerk's and mailed to the following
counsel of record on/or about 2/2/22 & 2/3/22.

To: CHIEF JUDGE AND JUDGES OF THE
    UNITED STATES DISTRICT COURT FOR
    DISTRICT OF NEW JERSEY-NEWARK
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street - P.O. Box 419
Newark, New Jersey 07101-0419

    Clerk of the Court, Law Division
    Superior Court of N.J. Bergen County
    10 Main Street
    Hackensack, New Jersey 07601

    Victoria M. Brown, LLC
    342 Grand Avenue
    Englewood, New Jersey 07631
    (attorney for plaintiff)
        Priscilla Pajela

Dated: February 1, 2022

By: _____

Donell L. Prince, Pro se Defendant

2

DONELL L. PRINCE
P.O. Box 1024
Hackensack, New Jersey 07602-1024
(862) 290-4537 & (201) 759-7284
Pro Se Defendant

_____

| | |
|---|---|
| Plaintiff | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY-NEWARK |
| Priscilla Pajela | FILE NO. |
| vs. | (Previously pending in the<br>Superior Court N.J., Law<br>Division, Bergen County<br>BER-L-000025-22) |
| Defendant (s) | |
| Donell L. Prince | CERTIFICATION |

_____

## INTRODUCTION

1.   Pro se defendant Donell L. Prince, submits this
Certification in support of my Motion for Removal, to Federal
District Court, plaintiff state Superior Court civil case listed
as BER-L-000025-22, pursuant to 28 U.S.C. Section 1441 & 1446
&  1331. In Support of this Notice of Removal, this defendant
states:

2.   Plaintiff Priscilla Pajela's, attorney Victoria M. Brown
Esq. filed this civil action on/or about 1/3/22, with the Bergen
County Superior Court of New Jersey and was docketed as
BER-L-000025-22.

3.   This Defendant Donell Prince was served with a copy of
this Complaint and Summons on 1/5/2022.

4.   Plaintiffs Complaint asserts claims against this Defendant,
with Notice that this is an attempt to collect a debt pursuant
to The Fair Debt Collection Practices Act, under 15 U.S.C.
Section 1601 as Amended, on page (6) of said Complaint.

5. Defendant contends that the claims asserted by plaintiff are frivolous, and further disputes same, given this defendant had good cause for his actions, however because this plaintiffs claims are being claimed/pursued under the 15 U.S.C. 1601, and this implicate Federal Codes. This Defendant hereby seek to remove the State Court action to the United States District Court for New Jersey-Newark. This Defendant further contends that this Venue is proper for this Notice of Removal, given that the U.S. District Court of New Jersey-Newark, includes Bergen County, where the state court action is now pending.

6. Further this defendant asserts that he will be filing an Cross/Complaint against this plaintiff to show defendant had good cause for his actions, and will be pursuing his on claims pursuant to the Fair Housing Act & Civil Rights etc. for the violations of federal statutes/laws, against this plaintiff and others involved for her/their actions and inactions against this defendant over the last two years, for claims related to criminal/terrorist acts, harassment, retaliation, intimidation, coercion by the intentional exposure, to toxic fumes/chemicals and drugs as well, of this defendant a 62 year old black man on Social Security Disability; As well as state law/statutes claims related to Negligent & Inadequate Security; and the Violation of the (i) Reprisal Laws N.J.S.A. 2A:42-10.10-10.14; (ii) the Rules/Regulations Governing Rooming & Boarding Houses under N.J.S.A. 55:13B-1 & N.J.A.C. Title/Chapter 5:27, listed in part as (5:27-3.1, #11 & #12 ); (iii) Implied Warranty of Habitability & the Implied Covenant of Quiet Enjoyment, etc.

4

7.   Pursuant to 28 U.S.C. § 1446, (i) this defendant has 30 days from the time he is served with this Summons/Complaint, said complaint was served on 1/5/22, which makes the motion/petition  timely to Remove to Federal District Court, this state court  case; (ii) also pursuant to § 1446, a copy of all pleading served upon this defendant has to be and are attached to this Notice of Motion as Exhibit (A). (iii) also pursuant to § 1446, a copy of this Notice/Motion to Remove is to be served/filed on/with the U.S. District Court of New Jersey-Newark, with the clerk of the Bergen County Superior Court and plaintiffs attorney Victoria M. Brown Esq.; (iv) further this defendant states, their is only one defendant.

8.   Also under state Superior Court R. Civ. P., this defendant has until on/or about 2/10/22 to Answer, Move to Dismiss, or otherwise respond to the plaintiff Complaint. As such this defendant expressly reserve my rights under Fed. R. Civ. to hereto answer or present other defenses or objections, and/or file cross claims/complaint.

9.   Pursuant to 28 U.S.C. § 1441. "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defends, to the district court of the United States for the district and division embracing the place where such action is pending."

10.  Because this Court has original subject matter jurisdiction over this action, this defendant may remove this action pursuant to 28 U.S.C. §§ 1441 & 1446.

5

11.   This plaintiffs Complaint asserts claims, which are being
pursued under the 15 U.S.C. § 1601, and this implicate Federal
Codes. As a result of the foregoing, this action arises under
U.S. Constitution, laws, or treaties of the U.S., and as such
this Court has original jurisdiction over this action pursuant
to 28 U.S.C. § 1331.

12.   No admission of fact, law or liability is intended by this
filing of this Notice of Removal. This defendant hereby disputes
this debt, preserves any and all defenses, right to file
cross-complaints, objections and/or motions available under
state and/or federal law.

## IN CONCLUSION

13.   As such this pro se plaintiff, respectfully request that
this court grants, his request for an Order of this District
Court for Removal, to Federal District Court, the plaintiff
state Superior Court civil case listed  as BER-L-000025-22,
pursuant to 28 U.S.C. Section 1441 & 1446 & 1331.

        I declare, certify, verify and state under penalty of
perjury that the foregoing is true and correct. I am aware that
if any of the foregoing statements made by me are willfully
false, I am subject to punishment.

Dated: February 1, 2022

By: Donell Prince
Donell L. Prince, Pro se Defendant

TEXT 1-6
Exhibit 1-6

6

VICTORIA M. BROWN, LLC
342 Grand Avenue
Englewood, New Jersey 07631
(201) 567-6144
Attorney for the Plaintiff
Bar # 045281989

| | |
|---|---|
| **PRISCILLA PAJELA** | SUPERIOR COURT OF NEW JERSEY |
| | BERGEN COUNTY |
| Plaintiff | DOCKET NO. __25-22__ |
| | CIVIL ACTION |
| -against- | **SUMMONS** |

**DONELL PRINCE**
      Defendants.

From the State of New Jersey
To the Defendant(s) named above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Dated: 1/3/22                    _____*/s/ Michelle M. Smith*_____
                                Clerk of the Superior Court

Name of Defendant to be Served:
**DONELL PRINCE at Room 5, 104 James Street, Englewood, NJ 07631**

1

VICTORIA M. BROWN, LLC
ATTORNEY FOR PLAINTIFF/PLAINTIFF
342 Grand Avenue
Englewood, NJ 07631
201-567-6144  Bar # 045281989

| | |
|---|---|
| PRISCILLA PAJELA<br><br>        Plaintiff<br><br>Vs. | STATE OF NEW JERSEY<br>SUPERIOR COURT, LAW DIVISION<br>BERGEN COUNTY<br>DOCKET NO. BER – L  25-22 |

**COMPLAINT**

DONELL PRINCE

        Defendant.

The Plaintiff, PRISCILLA PAJELA, complaining of the Defendant DONELL PRINCE, by her attorney Victoria M. Brown, states:

**JURISDICTION**

1. Priscilla Pajela resides at 9 Priscilla Lane, Englewood Cliffs, NJ 07632.

2. The Defendant Donnell Prince resides at Room 5, 104 James Street, Englewood, NJ 07631.

3. Because both parties live in Bergen County the venue is proper and because the amount claimed hereunder exceeds $15,000 this court, the Law Division, has jurisdiction.

**FACTS**

4. Plaintiff is the owner of the premises and building located at 104 James Street, Englewood, NJ 07631 (the "Property") which property is a boarding house; Defendant lives in Room 5 (the "Premises") at the Property.

5. The Plaintiff did not acquire the Property from the Defendant, Donell Prince.

6. The Plaintiff has not given the Defendant the option to purchase the property.

1

7.  The Defendant now resides and has been in possession of the premises prior to March 2011 and is currently occupying the Premises pursuant to a lease executed on March 12, 2019 between the Plaintiff and Defendant. A copy of this Lease is annexed hereto as **Exhibit A**.

8.  Increases to the rent occur annually as permitted by the Englewood Housing authority.

9.  The tenancy of Defendant is not subsidized pursuant to either a federal or state program and the rental unit is not public housing.

10. The Plaintiff has registered the leasehold and notified the Defendant as required by NJSA 46:8-27.

11. Defendant's last increase was as of Jan. 1, 2021 and he was asked to sign a new lease prior to the commencement of this new term but he refused.

12. Defendant has not paid any rent since March 2020 to date.

13. **RENT**: Rent due to date is as follows:

| | | |
|---|---|---|
| March 2020 | in the amount of | $ 740 |
| April 2020 | in the amount of | $ 740 |
| May 2020 | in the amount of | $ 740 |
| June 2020 | in the amount of | $ 740 |
| July 2020 | in the amount of | $ 740 |
| August 2020 | in the amount of | $ 740 |
| Sept. 2020 | in the amount of | $ 740 |
| Oct. 2020 | in the amount of | $ 740 |
| Nov. 2020 | in the amount of | $ 740 |
| Dec. 2020 | in the amount of | $ 740 |
| Subtotal due for base rent in 2020 = | | $7,400 |

| | | |
|---|---|---|
| Jan. 2021 | in the amount of | $ 769.60 |
| Feb. 2021 | in the amount of | $ 769.60 |
| March 2021 | in the amount of | $ 769.60 |
| April 2021 | in the amount of | $ 769.60 |
| May 2021 | in the amount of | $ 769.60 |
| June 2021 | in the amount of | $ 769.60 |
| July 2021 | in the amount of | $ 769.60 |
| August 2021 | in the amount of | $ 769.60 |

2

| Sept. 2021 | in the amount of | $ 769.60 |
| October 2021 | in the amount of | $ 769.60 |
| Nov. 2021 | in the amount of | $ 769.60 |
| Dec. 2021 | in the amount of | $769.60 |
| Subtotal due for base rent in 2021 = | | $8,465.60 |

Thus from March 2020 through December 31, 2021 the Defendant/Defendant owes a total of

**$16,635.20** in base rent.

14. **LATE FEES**: According to paragraph 24 of the above-referenced Lease the Defendant is liable

for late payments for each month you do not pay base rent by the 5th of the month in an amount of

5% of the rent due.  The rent due is $16,635.20 x .05 = **$831.76 due in late fees**.

15. **ATTORNEY FEES**: In addition the Lease provides for Defendant's payment of Plaintiff's

attorney's fees upon default (see 2nd paragraph on top of page 2 of the Lease).Based on the

foregoing Defendant/Defendant owes the Plaintiff/Plaintiff **attorney's fees and costs** incurred

due to Defendant's default which amount is **$1,275** to date.

16. On Nov 11, 2021 the Defendant was sent a default letter seeking payment of these rent arrears.  A

copy of the Default letter sent by certified and regular mail is annexed hereto as **Exhibit B**.

17. Nothing at all was heard in response to said Notice of Default and no payment has been received

to date on such amounts due.

### AS AND FOR THE FIRST CAUSE OF ACTION – BREACH OF CONTRACT

18. All of the facts as set forth above are incorporated herein and made a part hereof as if fully set

forth herein.

19. The Defendant is in breach of contract (the lease being the contract) in the amount of

**$18,471.96** as follows: a) rent due under the lease in the amount of **$16,635.20 thru 12/31/21 b)**

**$831.76 due in late fees**. **c) $1,275 in attorney's fees**.

3

20. Per the Default letter sent to the Defendant he had notice and opportunity to cure but failed to do so, which failure was and is a breach of contract.

21. There are no known defenses as against the Plaintiff.

22. *For Breach of Contract,* the Plaintiff claims against the Defendant the sum of **$18,471.96** as follows: a) rent due under the lease in the amount of **$16,635.20 thru 21/31/21 b) $831.76 due in late fees. c) $1,275 in attorney's fees, plus attorney's fees and interest and costs hereinafter to accrue**.

## AS AND FOR THE SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

23. All of the facts as set forth above are incorporated herein and made a part hereof as if fully set forth herein.

24. Defendant has been unjustly enriched by the use of the Premises without any payment for such use from March 2020 through Dec. 31, 2021, such use being to the exclusion of and to the detriment of the Plaintiff.

25. The fair market value of the use of the Premises is **$16,635.20.**

26. There are no known defenses to this cause of action for use and occupancy.

27. For *Unjust Enrichment*, the Plaintiff claims against the Defendant the sum of **$16,635.20**

## DAMAGES

28. Wherefore, the Plaintiff PRISCILLA PAJELA demands judgment against the Defendant

DONNEL PRINCE, as follows:

4

a. For <u>Breach of Contract,</u> the Plaintiff demands from Defendant payment of the

principal amount due of **$18,471.96** plus interest, costs and attorney's fees hereinafter to

accrue.

b. for <u>Unjust Enrichment,</u> the Plaintiffs demands from Defendant payment of **$16,635.20**

for use and occupancy, and

c. for such other and further relief as seems just and proper to this court.


VICTORIA M. BROWN, LLC

Dated: Jan. 3, 2022          BY: _____

VICTORIA M. BROWN
Attorney for the Plaintiff


## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any Court
or of a pending arbitration proceeding and no other action or arbitration proceeding is
contemplated and I am unaware of any other party that should be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to provision of Rule 4:25-4, the Court is advised that Victoria M Brown is hereby
designated as trial counsel in the above captioned matter.


VICTORIA M. BROWN, LLC

Dated: 1/3/22          BY: _____

VICTORIA M. BROWN
Attorney for the Plaintiff


PERSONAL IDENTIFIER REDACTED: If this is the first paper you are filing in this case, you
must sign the following certification. I certify that confidential personal identifiers have been
redacted from documents now submitted to the court, and will be redacted from all documents
submitted in the future in accordance with Rule 1:38-1(b).

Dated: 1/3/22          Victoria M. Brown, LLC

By: _____

Victoria M. Brown, Esq.


5

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (the act),
15 U.S.C. SECTION 1601 AS AMENDED

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

1. The amount due on the debt, as of Dec. 31, 2021 , is the sum of **$18,471.96** being **16,635.20 thru 21/31/21 b) $831.76 due in late fees. c) $1,275 in attorney's fees**.

2. The debt described in the complaint attached hereto unless debtors, within thirty (30) days after receipt of this Notice, disputes, in writing, the validity of the *debt* or some portion thereof.

3. If the debtor notifies the creditor's law firm in writing within thirty (30) days of the receipt of this Notice, that the debt or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

4. If the creditor who is named as plaintiff in the attached summons and complaint, is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty (30) days from the receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

Written request should be addressed to VICTORIA M. BROWN,
NJ: of Victoria M. Brown, LLC, 342 Grand Ave, Englewood, NJ 07631 201 567 6144
201-567-9891 (efax)

(if Debtor lives in New York, then to):
Victoria M. Brown, Attorney at Law, 324 W 83rd St, Ste. 4S, NY, NY 10024
212 874 6181 , 201-567-9891 (efax)

## THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

6