Not For Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRISCILLA PAJELA, <br><br> *Plaintiff*, <br><br> v. <br><br> DONELL L. PRINCE, <br><br> *Defendant*. | Civil Action No. 22-552 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter is opened by the Court *sua sponte* through Defendant Donell L. Prince's Notice of Removal.[1] D.E. 1. District courts must have original subject-matter jurisdiction to hear a case. 28 U.S.C. § 1441(a). To that end, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981)). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("Under this Court's

---

[1] On February 3, 2022, the Clerk's Office notified Defendant that his Notice of Removal was not accompanied by a filing fee or application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Clerk's Office explained that if Defendant was unable to pay the filing fee, he should file an application to proceed *in forma pauperis*. D.E. 2. Defendant filed a letter on February 15, 2022, stating that he enclosed the filing fee with his Notice of Removal. Defendant included a copy of a money order receipt for the filing fee amount with his letter. The receipt indicates that Defendant purchased the money order the day after the Notice of Removal is dated and the day before it was docketed. D.E. 3. Based on Defendant's letter, it appears that he attempted to pay the filing fee. Consequently, the Court will not screen the Notice of Removal pursuant to 28 U.S.C. § 1915.

continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding.").

When a case is filed in state court, a defendant may remove any action over which federal courts have original subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy because removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id*. Here, Defendant maintains that there is federal question jurisdiction.[2] *See* Notice of Removal ¶¶ 1, 4-5, 11.

For removal to be proper based on federal question jurisdiction, a federal court must have original jurisdiction, that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule. According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion*, 2013 WL 5952042, at *2.

Defendant is removing a matter through which Plaintiff is attempting to recover approximately two years of unpaid rent. *See* Compl. ¶¶ 13. Plaintiff asserts claims for breach of

---

[2] Although a defendant may also seek to remove a matter based on diversity jurisdiction, 28 U.S.C. § 1332, Defendant's notice of removal only addresses federal question jurisdiction. Therefore, the Court will not consider whether diversity jurisdiction exists at this time.

contract and unjust enrichment. *Id.* ¶ 22, 24. Thus, the Complaint does not raise a federal question on its face.

Defendant, however, contends that federal question jurisdiction exists because Plaintiff included a notice with the Complaint, stating that as required by the Federal Debt Collection Practices Act ("FDCPA"), Plaintiff was attempting to collect a debt. Notice of Removal ¶ 4. Regardless of whether Plaintiff is a debt collector or attempting to collect a debt, Plaintiff's Complaint does not assert any claims pursuant to the FDCPA. Rather, Plaintiff seeks to recover unpaid rent pursuant to state law. *See* Compl. ¶¶ 7, 22, 24. The FDCPA notice does not convey this Court with federal subject-matter jurisdiction. Defendant may be anticipating an affirmative defense based on the FDCPA. But "[f]ederal jurisdiction cannot be established by a federal defense or by challenging the merits of a claim." *Rutter v. Wright*, No. 15-4418, 2015 WL 3949092, at *2 (D.N.J. June 29, 2015) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (concluding that the court lacked subject matter jurisdiction over landlord tenant dispute involving nonpayment of rent). Defendant also alleges that he is going to assert counterclaims for, among other things, violations of the Fair Housing Act, a claim under 15 U.S.C. § 1601, and claims related to civil rights violations. *See* Notice of Removal ¶¶ 5-6. But again, the Court is guided by the claims that Plaintiff asserts in the Complaint, not potential (or asserted) counterclaims. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not a part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

It is possible for federal jurisdiction to exist as to state claims through a "special and small category of cases" that depend "on resolution of a substantial question of federal law." *Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 690, 699 (2006); *see also Grable & Sons*

3

*Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (recognizing that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues"). Courts must conduct a multi-factored test to determine if federal question jurisdiction exists for state law claims, and such jurisdiction is rare. *See Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (stating that only a "slim category of cases" will satisfy the test). Here, Defendant fails to provide factual support for his argument that this matter implicates a substantial question of federal law.

Therefore, the Court has no basis on which to exercise federal question jurisdiction pursuant to Section 1331. Because the Court does not have original jurisdiction, remand is proper. Accordingly, and for good cause shown,

IT IS on this 22nd day of February, 2022,

**ORDERED** that this matter is *sua sponte* **REMANDED** to the Superior Court of New Jersey, Bergen County for lack of subject-matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Defendant by regular mail and by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

_____
John Michael Vazquez, U.S.D.J.